*Lozano v. United States of America*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

---

JIMMY LOZANO,

> *Petitioner-Appellant,*

> v.                                                     No. 17-3800

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:            Stephanie M. Carvlin, Law Office of Stephanie M. Carvlin, New York, NY.

FOR RESPONDENT-APPELLEE:            Danielle M. Kudla, Assistant United States Attorney (Anna M. Skotko and Nicholas Folly, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J*.).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 20, 2017, is **AFFIRMED**.

Jimmy Lozano ("Lozano") appeals from the October 20, 2017 judgment of the United States District Court for the Southern District of New York (Koeltl, *J*.) denying his petition for a writ of error *coram nobis* vacating his 2005 conviction for Hobbs Act robbery under 18 U.S.C. § 1951. He has already completed his 33-month sentence for that conviction. We assume the parties' familiarity with the relevant facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

To obtain a writ of error *coram nobis*, a defendant "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted). Lozano argued in support of his petition that the guilty plea that led to his conviction was involuntary and invalid because the Government misled him as to its consequences. More particularly, he urged that, by issuing him a passport, the Government affirmatively misrepresented to him that he was a citizen. Were he a citizen, his conviction could not result in removal from the country; since he was in fact a non-citizen, it could.

In its 2017 decision denying petition for the writ, the District Court concluded that no legal authority recognized a Fifth Amendment right in the accused to receive accurate citizenship information from the Government before entering a guilty plea. Further, the District Court found that, even if such a right were now found to exist, it would not apply retroactively. The District Court also observed that Lozano "may not be able to meet the second requirement for *coram nobis* relief, namely[,] that sound

2

reasons exist for [his] failure to seek earlier appropriate relief" because the Presentence Report ("PSR") issued after he entered his plea stated that the person reported on ("Jimmy Lozano," who appeared to be the Appellant notwithstanding several anomalies in the PSR's description of him) was not a citizen, and yet he took no prompt action to withdraw his plea upon receiving the PSR. *Lozano v. United States*, No. 17-CV-357, 2017 WL 4712711, at *7 n.2 (S.D.N.Y. Oct. 17, 2017). The District Court made no finding on the issue of Lozano's diligence in this regard and did not deny relief for any want of diligence. Lozano timely appealed.

On review, the panel majority issued a summary order remanding Lozano's petition under the procedures established in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994). *See Lozano v. United States*, 763 F. App'x 9, 11-12 (2d Cir. 2019). We directed the District Court to make factual findings regarding two issues: (1) "whether sound reasons exist for [Lozano's] failure to seek appropriate earlier relief in view of the fact that the PSR reported that Lozano was not a United States citizen, which arguably obliged inquiry to determine whether he was a citizen," and (2) "whether Lozano would not have entered a guilty plea had he known that he was subject to deportation." *See id.* at 11-12 (citation and internal quotation marks omitted).

The District Court held an evidentiary hearing on these questions in September 2019. Following the hearing and after review of the submitted evidence, it concluded that Lozano's delay in seeking relief was not "so unreasonable that the petition should be denied on that basis," but that the petition should nonetheless be denied because Lozano failed to "show a reasonable probability that, if he had known of the immigration consequences of his guilty plea he would not have pleaded guilty and would have insisted on going to trial." *Lozano v. United States*, No. 17-CV-357, 2020 WL 495933, at *2 (S.D.N.Y. Jan. 30, 2020) (internal quotation marks omitted).

The matter has now been restored to our jurisdiction. In the current proceedings, Lozano argues that the District Court applied an incorrect standard in its 2020 decision when it assessed the likelihood that Lozano would have pleaded

3

guilty had he known of the immigration consequences of his plea. He asserts (and we agree) that the Supreme Court requires a district court to apply a subjective standard and determine whether there is a reasonable probability that the particular complaining defendant would not have pleaded guilty had he known of his plea's deportation consequences. *See Lee v. United States*, 137 S. Ct. 1958 (2017). But Lozano submits that the District Court "used the disavowed reasonable-defendant standard" rather than making the subjective assessment required by *Lee*. Appellant's Letter Br. at 9. In support of this argument, Lozano relies both on the District Court's statements and on his own testimony averring that he would not have pleaded guilty had he known that removal would be a possible result.

We review a District Court's findings of fact for clear error. *See Flores v. Demskie*, 215 F.3d 293, 300 (2d Cir. 2000). In doing so, we give "particularly strong deference" to a district court's credibility determinations. *United States v. Williams*, 943 F.3d 606, 610 (2d Cir. 2019). A reviewing court may not "second-guess the factfinder's credibility assessments, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted).

We are not persuaded by Lozano's arguments. In explaining its decision, the District Court wrote, "petitioner has failed to establish that *he* would not have pleaded guilty in the SDNY case if *he* had been aware that a conviction pursuant to a guilty plea would subject him to removal from the United States." *Lozano*, 2020 WL 495933, at *2 (emphases added). The District Court's focus on Lozano is made plain by these references; we see no suggestion in its written decision that the District Court was instead applying an objective standard. Further, the District Court was free to make an adverse assessment of Lozano's credibility when Lozano denied that he would have entered a guilty plea had he known his actual citizenship status, and it thoroughly explained the basis for that assessment before ruling.

In rebuttal, Lozano points out that in its decision the District Court cited the strength of the Government's case and the absence of any defense to conclude that

4

Lozano would have pleaded guilty even with correct citizenship information. But those circumstances are obviously relevant to how Lozano *himself* would have chosen to plead; reference to them does not demonstrate that the District Court disregarded Lozano's likely choice in favor of that of the reasonable person. We conclude, therefore, that the District Court's findings of fact were not clearly erroneous. They support the District Court's denial of petition for the writ.

\* \* \*

We have considered Lozano's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:

Catherine O' Hagan Wolfe, Clerk